NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIURKA ROMAN, A/K/A MURKA GARCIA, WITTIN GARCIA<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br>WELLS FARGO HOME<br>MORTGAGE, INC.,<br>ABC CORPORATION 1-10,<br><br>　　　　　　　　　Defendants. | Civil Action No.: 16-9472 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc. ("Defendants") to dismiss the complaint of Niurka Roman and Wittin Garcia ("Plaintiffs"), (ECF No. 6) ("Mot. to Dismiss"), and Plaintiffs' cross-motion for leave to file an amended complaint. (ECF No. 17) ("Cross-Mot."). Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**. Further, Plaintiffs' cross-motion to amend is **GRANTED**, however, Plaintiffs are directed to file a new amended complaint, rather than their proposed amended complaint, (ECF No. 17-2), to cure the pleading deficiencies discussed below.

II. **BACKGROUND**

The parties have submitted briefs, declarations, and exhibits reflecting the following factual background. Plaintiffs filed their original complaint on December 23, 2016. (ECF No. 1) ("Cmpl."). Plaintiffs' claims derive from an allegedly "illegal and void [m]ortgage and [n]ote,"

1

as well as from Defendants' foreclosure on the real property covered by the mortgage and note. (*Id.* ¶¶ 5-6). More specifically, the crux of Plaintiffs' complaint is that Defendants utilized deceptive and predatory lending practices to induce Plaintiffs to enter into an unaffordable mortgage on their real property in 2005. (*Id.* ¶ 18). Plaintiffs further allege that Defendants improperly serviced and collected upon this mortgage over a period of at least five years. (*See id.* ¶¶ 16-18, 32). Plaintiffs finally aver that they became "financially overwhelmed" and eventually "fell behind in the[ir] payments," prompting Defendants to initiate and successfully prosecute a purportedly illegal foreclosure action in state court. (*Id.* ¶ 18).

Plaintiffs claim Defendants' alleged acts violate numerous federal statutes, including, *inter alia*, the Real Estate Settlement and Procedure Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Home Ownership Equity Protection Act ("HOEPA"), the Fair Credit Billing Act ("FCBA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Federal Trade Commission Act ("FTCA"). (*Id.* ¶ 1). Plaintiffs further contend that Defendants have violated related state statutory provisions, including New Jersey's Consumer Fraud Act ("CFA") and Uniform Commercial Code. (*Id.* ¶¶ 2, 4). Plaintiffs additionally bring common law claims for breach of contract, tortious interference with contract relations, unjust enrichment, fraud, intentional infliction of emotional distress, defamation, and conversion. (*Id.* ¶ 3). Finally, Plaintiffs request relief in the form of monetary damages, injunctive relief, and recession of the mortgage and note. (*Id.* ¶¶ 1-5).

Defendants filed a motion to dismiss Plaintiffs' claims on February 8, 2017. (Mot. to Dismiss). Defendants contend that Plaintiffs' suit represents an improper collateral attack on the final judgment issued in the state foreclosure proceeding, and therefore that this Court lacks subject matter jurisdiction over the action pursuant to the *Rooker-Feldman* doctrine, the *Younger* doctrine,

the *Colorado River* abstention doctrine, and the Entire Controversy Doctrine, as well as under principles of *res judicata* and collateral estoppel.[1] (*Id.* at 9-19). Defendants further aver that Plaintiffs have failed to state any cognizable claims under the prevailing pleading standard. (*Id.* at 20-33). Finally, Defendants assert that Plaintiffs have no right to the requested declaratory or injunctive relief. (*Id.* at 33).

On June 6, 2017, Plaintiffs filed both an opposition to Defendants' motion, as well as a cross-motion for leave to amend the complaint. (ECF No. 17). Defendants opposed Plaintiffs' motion to amend on grounds that Plaintiffs' proposed amended claims are futile as a matter of law and otherwise precluded. (ECF No. 18).

### III. <u>LEGAL STANDARD</u>

#### A. Rule 12(b)(1)

Courts must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

---

[1] Plaintiffs' complaint lacks a fulsome explanation of the foreclosure proceeding. According to Defendants, the foreclosure action was initiated on May 23, 2014 and default judgment was entered on March 3, 2015. (Mot. to Dismiss at 2-3). The New Jersey Chancery Court then entered final judgment for Defendants on August 26, 2015. (*Id.* at 3). Defendants also note that Plaintiffs filed a motion to stay the foreclosure sale in favor of mediation on November 28, 2016, just prior to the filing of the instant suit. (*Id.*). The state court denied this motion on January 6, 2017. (*Id.*).

3

The first step in evaluating a 12(b)(1) motion is determining whether the 12(b)(1) motion presents a facial attack or a factual attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). For facial attacks, "the court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). For factual attacks, however "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations . . . [and] the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

### B. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true[2] and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true

---

[2] On a motion to dismiss, the Court may also consider any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document falls into the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document.'" *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

4

all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated.... Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

IV. **DISCUSSION**

A. *Rooker-Feldman* **Doctrine**

Defendants contend that this Court lacks subject matter jurisdiction over Plaintiffs' claims because "[t]he entry of final judgment in the foreclosure prevents Plaintiffs from bringing claims related to the propriety of the loan" under the *Rooker-Feldman* doctrine.[3] (Mot. to Dismiss at 9). The *Rooker-Feldman* doctrine "prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (citations omitted). *Rooker-Feldman* applies where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

> "Thus, a claim is barred by *Rooker-Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong."

---

[3] Defendants' motion to dismiss does not (primarily) attack Plaintiffs' factual assertions but, rather, this Court's jurisdiction to adjudicate Plaintiffs' claims, as well as the legal sufficiency of those claims. The Court therefore treats Defendants' motion to dismiss as a facial attack.

5

*Knapper*, 407 F.3d at 580. More specifically, the Third Circuit has identified four requirements for *Rooker-Feldman* to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In terms of foreclosure actions, "courts in the Third Circuit have held that the *Rooker-Feldman* doctrine applies when a mortgagor challenges the judgment in his or her New Jersey foreclosure action." *Ogbebor v. J.P. Morgan Chase, N.A.*, No. 16-3400, 2017 WL 449596, at *10 (D.N.J. Feb. 2, 2017) (collecting cases). The doctrine is most clearly applicable where a federal plaintiff seeks rescission of his or her mortgage. *See, e.g., In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (upholding lower courts' application of *Rooker-Feldman* on grounds "that granting rescission would amount to finding that no valid mortgage existed, which would negate the foreclosure judgment"). *Rooker-Feldman* will also apply, however, where "the gravamen of the complaint . . . 'is in essence an attack on the state court judgment of foreclosure.'" *Ogbebor*, 2017 WL 449596, at *10 (quoting *Gage v. Wells Fargo Bank, N.A.*, 521 F. App'x 49, 51 (3d Cir. 2013)). In other words, courts may not entertain plaintiffs' claims which seek to "directly *or indirectly* review, negate, void, or provide relief that would invalidate a decision in the State Foreclosure Action." *Kushner v. Wachovia Bank, N.A.*, No. 10-5488, 2010 WL 5094551, at *1 (D.N.J. Dec. 8, 2010) (emphasis added).

Neither party to the instant case disputes that Plaintiffs "lost" in the state foreclosure proceeding. (*See* Cmpl. ¶ 5; Mot. to Dismiss at 1). Moreover, it is undisputed that the state court

6

foreclosure judgment was rendered prior to the initiation of this suit. (*See* Cmpl. ¶ 18; Mot. to Dismiss at 1). Plaintiffs contend, however, that *Rooker-Feldman* is inapplicable because the complaint does not directly challenge the mortgage's validity, but rather "Defendants' fraudulent and harmful practices in the servicing post-default." (Cross-Mot. at 9). Plaintiffs further emphasize that the complaint "does not actually mention the Foreclosure Judgment as the harm that the Plaintiffs have allegedly suffered," (*id.* at 10), and that Plaintiffs request monetary damages rather than injunctive relief. (*Id.* at 12).

Plaintiffs' arguments miss the mark. This is primarily because Plaintiffs' complaint in essence "seek[s] to attack the state court foreclosure judgment, since Plaintiffs are impliedly challenging the validity of the mortgage and right to foreclose on the . . . . [p]roperty." *Ogbebor*, 2017 WL 449596, at *11. For instance, the complaint repeatedly refers to Defendants' allegedly illegal actions in originating, servicing, and collecting on the mortgage prior to foreclosure, as well as the illegitimate nature of the foreclosure proceeding itself. (*See* Cmpl. ¶¶ 14-26). Plaintiffs commonly refer to the mortgage and note as "illegal and void," (*id.* ¶¶ 5, 14, 17-19, 31, 49), and the complaint's opening states that "[t]his action arises out of a mortgage foreclosure action . . . ." (*Id.* ¶ 1). Plaintiffs' claims, as pled, are therefore "inextricably intertwined" with the underlying state proceeding for the purposes of *Rooker-Feldman*.

While Plaintiffs belatedly attempt to characterize the complaint as stemming from Defendants' *post*-foreclosure servicing of the mortgage, each of Plaintiffs' claims include numerous allegations covering Defendants' *pre*-foreclosure conduct. For example, Count I purports to represent a cause of action under RESPA's provisions for loss mitigation assistance. (*See* Cmpl. ¶¶ 30-42). Plaintiffs plainly allege that Defendants' actions occurred over a period of

"not less than five years," i.e., well prior to the foreclosure proceeding. (*Id.* ¶ 30). This fatal infirmity in pleading permeates the entirety of Plaintiffs' original complaint. (*See id.* ¶¶ 30-100).

Plaintiffs also make much of the fact that they seek monetary damages, rather than a modification or reversal of the foreclosure judgment. (Cross-Mot. at 12). However, "[t]he fact that Plaintiffs seek money damages instead of an outright invalidation of the state court foreclosure judgment does not necessarily preclude the application of the *Rooker-Feldman* doctrine." *Ogbebor*, 2017 WL 449596, at *9 (citing *Laychock v. Wells Fargo Home Mort.*, 399 F. App'x 716, 718 (3d Cir. 2010); *Willoughby v. Goldberg & Ackerman, LLC*, No. 13-7062, 2014 WL 2711177, at *6 (D.N.J. Jun. 16, 2014)). Moreover, Plaintiffs have in fact requested that this Court rescind the mortgage and note. (Cmpl. ¶¶ 5, 77). Plaintiffs' contention that they seek solely monetary damages therefore fails.

In sum, the "the gravamen of [Plaintiffs'] complaint . . . 'is in essence an attack on the state court judgment of foreclosure,'" *Ogbebor*, 2017 WL 449596, at *10. This Court therefore lacks subject matter jurisdiction over Plaintiffs' claims, and proposed claims, (*see* ECF No. 17-2), to the extent that they derive from the foreclosure judgment. *See Monclova v. US Bank NA*, 675 F. App'x 115, 117 (3d Cir. 2017) ("Accordingly, insofar as [plaintiff] challenges the foreclosure order, her claims are barred by the *Rooker-Feldman* doctrine.").

### B. The Entire Controversy Doctrine

Further, to the extent Plaintiffs' claims derive from harms caused by Defendants' alleged actions, rather than the state foreclosure judgment, these claims are precluded by New Jersey's Entire Controversy Doctrine. *See Monclova*, 675 F. App'x at 117-18.

The Entire Controversy Doctrine is codified in New Jersey Civil Practice Rule 4:30A (1997), which provides, in relevant part, that:

> "[n]on-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine.... The Doctrine thus requires a party to bring in one action 'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts."

*Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997) (citations omitted). Pursuant to this Doctrine, Plaintiffs must raise any claims "germane" to the foreclosure proceeding, in the state foreclosure court action. *See In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008). A claim is "germane" to the foreclosure proceeding when it arises "out of the mortgage transaction which is the subject matter of the foreclosure action." *See id.* at 229-30 (citations omitted); *see also Monclova*, 675 F. App'x at 117-18 (citing *Delacruz v. Alfieri*, 145 A.3d 695, 708 (N.J. Super. Ct. App. Div. 2015)); *Zebrowski v. Wells Fargo Bank, N.A.*, No. 07-5236, 2010 WL 2595237, at *6 (D.N.J. June 21, 2010) ("[A]ny conduct of a mortgagee known to the mortgagor prior to the institution of a foreclosure that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in the foreclosure."). Failure to do so will result in those claims being thereafter barred. *See Monclova*, 675 F. App'x 117-18.

To the extent Plaintiffs allege in their complaint claims arising from Defendants' alleged acts and violations arising out of the mortgage transaction, the Court finds that these claims are barred by the Entire Controversy Doctrine. Further, to the extent Plaintiffs allege the same in their proposed amended complaint, such claims would also be barred.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Further, Plaintiffs' cross-motion to amend is granted. Plaintiffs may file a new amended complaint, rather than their

proposed amended complaint, (ECF No. 17-2), to cure the pleading deficiencies discussed above, within thirty (30) days of the date of this Opinion. However, Plaintiffs are cautioned to examine the *Rooker-Feldman* doctrine and the Entire Controversy Doctrine before filing an amended pleading. An appropriate Order follows this Opinion.

Date: September 14, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.