NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIURKA ROMAN, A/K/A MURKA GARCIA, WITTIN GARCIA,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br>WELLS FARGO HOME<br>MORTGAGE, INC.,<br>ABC CORPORATION 1-10,<br><br>　　　　　　Defendants. | Civil Action No.: 16-9472 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc. ("Defendants") to dismiss the amended complaint of Niurka Roman and Wittin Garcia ("Plaintiffs"), (ECF No. 23-1) ("Mot. to Dismiss"). The Court has considered the submissions made in support of and in opposition to the instant motion. (ECF Nos. 30 ("Opp'n"), 31 ("Reply")). Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## II. BACKGROUND

Having adjudicated the parties' prior motions in this matter, the Court presumes the parties' familiarity with the factual nature of this dispute. Nonetheless, a brief recitation follows. On September 14, 2017, the Court issued an opinion and order granting Defendants' first motion to dismiss, having found that Plaintiffs' claims were barred by the *Rooker-Feldman* Doctrine, as well as the Entire Controversy Doctrine. (ECF Nos. 19-20). The Court, however, granted Plaintiffs leave to amend to the extent that

1

Plaintiffs could cure the pleading deficiencies identified by the Court. (ECF No. 19 at 9-10). Plaintiffs thereafter filed their amended complaint on November 13, 2017. (ECF No. 23 ("Am. Compl.")).

Plaintiffs now bring three claims against Defendants under the Real Estate Settlement Procedures Act ("RESPA"), also known as Regulation X, and its implementing regulations. More specifically, Plaintiffs allege that Defendants improperly handled their request for a loan modification under 12 C.F.R. § 1024.41, and that Defendants failed to respond to multiple Notices of Error ("NOEs") as required by 12 C.F.R. § 1024.35. (*See* Am. Compl. ¶¶ 57-116). Defendants, in turn, maintain that Plaintiffs have failed to state a claim because: (1) Defendants are not "servicers" under RESPA; (2) Plaintiffs submitted an untimely and incomplete loan modification application; and (3) Defendants properly handled all of Plaintiffs' NOEs. (Mot. at 6-22).

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true[1] and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of

---

[1] On a motion to dismiss, the Court may also consider any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document falls into the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document.'" *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

2

further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated .... Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. DISCUSSION

### A. Plaintiffs Fail to Show That Defendants Were "Servicers" Under RESPA

"Under RESPA, a mortgage loan servicer who receives a qualified written request ("QWR") regarding a mortgage loan is obligated to both conduct a reasonable investigation and respond to the request." *Perez v. Seterus, Inc.*, No. 17-5862, 2017 WL 5513687, at *4 (D.N.J. Nov. 16, 2017) (citing 12 C.F.R. § 1024.35(e)). "Regulation X defines 'servicer' as 'a person responsible for servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).'" *Genid v. Fed. Nat'l Mortg. Ass'n & Seterus, Inc.*, No. 15-06787, 2016 WL 4150455, at *3 (D.N.J. Aug. 2, 2016) (quoting 12 C.F.R. § 1024.2). However, "[u]nder New Jersey law, a mortgage loan is extinguished once a judgment of foreclosure is entered." *Perez*, 2017 WL 5513687, at *4 (citation omitted); *see also Genid*, 2016 WL 4150455, at *3 ("Under New Jersey law, once a judgment of foreclosure is entered, the mortgage loan is extinguished and merges into the final judgment of foreclosure."). Accordingly, once a state court issues a judgment of foreclosure, the prior mortgage servicer cannot be considered a "servicer" as the mortgage has been "extinguished." *See Genid*, 2016 WL 4150455, at *3 ("Following the final judgment of foreclosure, Plaintiffs no longer owned the Property and [Defendants] could not be their servicer."); *see also Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First*

3

*Boston MBS ARMT 2005-8*, No. 17-8953, 2018 WL 1128498, at *7 (D.N.J. Mar. 1, 2018) ("By the time Plaintiff sent his letters, the mortgage loan was already extinguished and Plaintiff could not avail himself of RESPA's protections.").

Here, the parties do not dispute that final judgment was entered on August 26, 2015, well prior to Plaintiffs' mailing of their loan modification application on November 13, 2015. (*See* Reply at 4-5; Opp'n at 7 ("Initially, it is undisputed that the mortgage merges into the Final Judgment.")). Plaintiffs attempt to distinguish the precedent cited above, arguing that it is only applicable where the property at issue has already been sold in a sheriff's sale. (Opp'n at 8 ("Similar to *Sanchez*, the Genids' property was already post-Sheriff's sale.")). However, at least one court in this district has dismissed claims under RESPA where a letter request was mailed "after the foreclosure judgment," but apparently prior to the sale of the property. *See Perez*, 2017 WL 5513687, at *4. The Court finds this holding persuasive and therefore concludes that Defendants were not "servicers" under RESPA at the time Plaintiffs submitted their loss modification application.[2] Accordingly, the Court must dismiss Plaintiffs' action for failure to state a claim upon which relief may be granted. *See id.* ("[Defendant] had no obligation to respond, because the mortgage loan was extinguished before Plaintiff sent the QWR letter." (citing *Genid*, 2016 WL 4150455, at *3-4)).

### B. Plaintiffs Fail to Plead That They Submitted a Timely Loss Mitigation Application Under 12 C.F.R. § 1024.41(b)(2)

Even if the Court were to conclude that Defendants were "servicers" under RESPA at the time Plaintiffs mailed their loss mitigation application, Plaintiffs appear to have conceded that their application

---

[2] Moreover, it does not appear that Plaintiffs have alleged that they made any payments on the loan subsequent to the entry of the foreclosure judgment, or that Defendants collected any payments on the loan subsequent to the entry of the foreclosure judgment. *See* 12 C.F.R. § 1024.2(b) ("Servicing means receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally related mortgage loan . . . and making the payments to the owner of the loan or other third parties of principal and interest . . . .").

4

was untimely.³ (*See* Opp'n at 9). More specifically, 12 C.F.R. § 1024.41 outlines the obligations of loan servicers, which are triggered upon receipt of a timely, complete loss mitigation application from a borrower. Under 12 C.F.R. § 1024.41(b)(2), however, a servicer is required to begin a review of a complete loss mitigation application only "[i]f a servicer receives a loss mitigation application 45 days or more before a foreclosure sale." 12 C.F.R. § 1024.41(b)(2)(i).

Here, Plaintiffs maintain that they submitted a complete loss mitigation application on November 13, 2015. The sheriff's foreclosure sale of Plaintiffs' property was, however, initially scheduled for December 8, 2015. In other words, Plaintiffs submitted their application only 25 days prior to the foreclosure sale—indeed, Plaintiffs do not appear to contest this assertion. Rather, Plaintiffs bring forth a novel argument that "Defendants have waived the argument that the loss mitigation application was untimely and they had no obligation to review it." (Opp'n at 9). It is, however, axiomatic that "a pleading may not be amended through briefing." *Fado v. Kimber Mfg., Inc.*, No. 11-4772, 2016 WL 3912852, at *11 (D.N.J. July 18, 2016). The Court accordingly declines to consider Plaintiffs' argument as to waiver at this juncture.⁴ Therefore, the Court finds that Plaintiffs fail to state a claim upon which relief would be granted based on their submission of an untimely loss modification application.

### C. Plaintiffs Fail to Plead Defendants Violated 12 C.F.R. § 1024.35

Moreover, even if the Court were to find that Defendants were "servicers" under Regulation X, the Court also finds that Plaintiffs have not shown that Defendants violated 12 C.F.R. § 1024.35 by failing

---

³ The Court notes that Defendants also claim that "Plaintiffs never submitted a complete loss mitigation application," which would preclude Plaintiffs' claims in regards to Defendants' handling of the loss mitigation application. (Mot. at 10). Because the Court concludes that Plaintiffs submitted an untimely application, whether incomplete or otherwise, the Court need not address this issue.

⁴ In any case, the Court notes that Plaintiffs cite to no case law for this proposition, nor do Plaintiffs make any factual allegations bolstering their assertion of waiver beyond merely stating that "Defendants accepted the application, reviewed it and asked for supplemental information." (*Id.*). The Court finds that these conclusory averments are insufficient to establish waiver at this stage of the proceedings. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." (internal citations omitted)).

5

to respond to Plaintiffs' purported NOEs. Regulation X provides, in pertinent part, that: "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a). Upon receipt of a qualified NOE, the borrower is generally required to either "[c]orrect the error or errors identified by the borrower and provid[e] the borrower with a written notification of the correction, the effective date of the correction, and contact information," or to "[c]onduct[] a reasonable investigation and provid[e] the borrower with a written notification" detailing, *inter alia*, why no error has occurred. 12 C.F.R. § 1024.35(e)(1)(i).

Regulation X also, however, provides a number of exceptions to these obligations. First, servicers are not required to comply where a borrower submits a "[d]uplicative notice of error," in which "the asserted error is substantially the same as an error previously asserted by the borrower for which the servicer has previously complied with its obligation to respond[.]" 12 C.F.R. § 1024.35(g)(1)(i). Second, servicers need not respond in the required manner where a borrower submits "[o]verbroad notice[s] of error." 12 C.F.R. § 1024.35(g)(1)(ii). An NOE is overbroad where "the servicer cannot reasonably determine from the notice of error the specific error that the borrower asserts has occurred on a borrower's account." *Id.* Third, servicers need not respond to NOEs that are untimely. 12 C.F.R. § 1024.35(g)(1)(iii). If a servicer finds that it is not required to respond to an NOE under one of these exceptions, "the servicer shall notify the borrower of its determination in writing not later than five days (excluding legal public holidays, Saturdays, and Sundays) after making such determination." 12 C.F.R. § 1024.35(g)(2).

The Court finds that Plaintiffs have failed to plead that Defendant improperly responded, or failed to respond, to their NOEs. Defendants' briefing clearly outlines: (1) how each of Plaintiffs' NOEs fit into one of the enumerated exceptions discussed above, excusing Defendants from compliance with 12 C.F.R. § 1024.35(e); or (2) how Defendants properly responded to Plaintiffs' valid NOE. (*See* Mot. at 10-19).

6

In response, Plaintiffs appear to take issue with only a handful of Defendants' characterizations; indeed, Plaintiffs concede that some of the correspondence at issue "may be duplicative." More specifically, Plaintiffs' opposition brief specifically attempts to rebut three of Defendants' assertions regarding the NOEs. First, in regards to their initial letters of December 18, 2015, Plaintiffs summarily maintain that "there is nothing whatsoever overbroad about the requests." (Opp'n at 10-11). Plaintiffs do not, however, show how the requests were sufficiently tailored so as to require a substantive response from Defendants. Second, Plaintiffs maintain that Defendants' responses to their December 18, 2015 correspondence were inadequate because Defendants' failed to disclose "a first mortgage encumbering the property executed by a Hector Perez." (*Id.* at 11). Plaintiffs again fail to demonstrate how or why Defendants alleged failure to notify Plaintiffs of the mortgage violated Regulation X beyond stating, in conclusory fashion, that the mortgage represented "a lien and a cloud on title preventing loan modification." (*Id.*). Finally, Plaintiffs maintain that Defendants' June 26, 2016 letter was not a response to their correspondence of June 22, 2016 because they aver Defendants utilized the wrong account number in their letter. (*Id.* at 11-12). Plaintiffs do not, however, explain *how* the use of an incorrect account number somehow renders Defendants' response, which was apparently mailed to and received by Plaintiffs, inadequate or inaccurate.[5] The Court accordingly finds that Plaintiffs fail to state a claim against Defendants under 12 C.F.R. § 1024.35.

V. <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' motion to dismiss is granted. An appropriate Order accompanies this Opinion. To the extent the pleading deficiencies identified by the Court can be cured

---

[5] The Court, moreover, notes that Plaintiffs' amended complaint affirmatively states that Defendants acknowledged and responded to their alleged NOEs in numerous instances. (*See e.g.*, Am. Compl. ¶ 71 ("On or about December 23, 2015, the Defendants acknowledged receipt of the Plaintiffs' inquiry and stated that they would respond by January 7, 2016."), ¶ 74 ("On or about January 7 and January 13, 2016, the Defendants acknowledged the Plaintiffs' inquiry and promised a response by January 22 and 27, 2016[.]")).

7

by way of amendment, Plaintiffs are hereby granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

Date: June 13, 2018

CLAIRE C. CECCHI, U.S.D.J.